UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| United States of America, | ) | Crim. No.: 4:17-cr-00865-RBH-1 |
|---|---|---|
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Jonathan Stefan Vanderhorst, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the Court on Defendant Jonathan Stefan Vanderhorst's [ECF No. 99] motion to dismiss counts 3, 4, and 5 of the indictment for failure to state an offense. Counts 3, 4, and 5 allege violations of 18 U.S.C. § 924(c).

Vanderhorst contends that the § 924(c) violations alleged in counts 3, 4, and 5 of the indictment must be dismissed because the predicate Hobbs Act offenses alleged in counts 1 and 2 do not qualify as a "crimes of violence" as a matter of law.

**<u>Background</u>**

On September 20, 2017, Defendant Vanderhorst was indicted, along with two co-defendants, in a six count indictment. Count 1 alleged a conspiracy to commit Hobbs Act robbery in violation of 18 U.S.C. § 1951. Count 2 alleged Hobbs Act robbery in violation of 18 U.S.C. § 1951. Count 3 alleged that Vanderhorst used and brandished a firearm during and in relation to the conspiracy to commit Hobbs Act robbery set forth in count 1 in violation of 18 U.S.C. § 924(c)(1)(A)(ii). Count 4 alleged that Vanderhorst used and discharged a firearm during and in relation to the Hobbs Act robbery set forth in count 2 in violation of 18 U.S.C. § 924(c)(1)(A)(iii). Count 5 also alleged that Vanderhorst used and discharged a firearm during and in relation to the Hobbs Act robbery set forth in count 2 in violation of 18 U.S.C. § 924(c)(1)(A)(iii). Count 6

alleged that Vanderhorst possessed a firearm after having been convicted of a felony in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and 924(e).

Vanderhorst moved to dismiss counts 3, 4, and 5 under Rule 12(b)(3)(B)(v) of the Federal Rules of Criminal Procedure for failure to state an offense. The government filed a response in opposition. Count 4 was previously dismissed by agreement of the parties. *See* [ECF No. 132]. This Order will address only Vanderhorst's motion to dismiss count 5 of the indictment (§ 924(c) violation based on Hobbs Act robbery). An order addressing Vanderhorst's motion to dismiss count 3 (§ 924(c) violation based on conspiracy to commit a Hobbs Act robbery) will be issued at a later date, if necessary.

## Legal Standard

Rule 12(b)(3) of the Federal Rules of Criminal Procedure permits a defendant to file a pretrial motion to dismiss an indictment that is defective by virtue of failing to state an offense. Fed. R.Crim. Proc. 12(b)(3)(b)(v). Such a motion to dismiss "tests whether the indictment sufficiently charges the offense set forth against the defendant." *United States v. Brandon*, 150 F. Supp. 2d 883, 884 (E.D.Va. 2001) (citing *United States v. Sampson*, 371 U.S. 75, 78–79 (1962)). An indictment must generally state the necessary elements of the charged offense, accompanied by a statement of facts supporting the charge and informing the defendant of the specific conduct alleged to constitute the offense. *United States v. Perry*, 757 F.3d 166, 171 (4th Cir. 2014).

## Discussion

Vanderhorst argues that Hobbs Act robbery, as defined in 18 U.S.C. § 1951, cannot serve as a predicate crime of violence for purposes of prosecuting a firearms offense under 18 U.S.C. § 924(c). Specifically, Vanderhorst argues that Hobbs Act robbery under 18 U.S.C. § 1951

categorically fails to qualify as a "crime of violence" under § 924(c)(3)'s "force clause" because the offense can be committed by putting one in "fear of injury" to his person or property as opposed to "violent physical force." Vanderhorst contends that "[p]lacing someone in fear of injury to himself or his property does not require the use of violent physical force as is required for a conviction under 18 U.S.C. § 924(c), but can be accomplished by the exertion of psychological or emotional force." [Motion to dismiss, ECF No. 99 at 14-15].

Vanderhorst also argues that Hobbs Act robbery fails to qualify as a "crime of violence" under § 924(c)(3)'s residual clause because, pursuant to *Johnson v. United States*, 135 S. Ct. 2551 (2015), the statute's residual clause is unconstitutionally vague.

The government responds that every circuit court and district court to address the issue has found that Hobbs Act robbery is a "crime of violence" under 18 U.S.C. § 924(c). *See, e.g., United States v. St. Hubert*, 883 F.3d 1319 (11th Cir. 2018); *United States v. Eshetu*, 863 F.3d 946, 955-956 (D.C. Cir. 2017); *United States v. Gooch*, 850 F.3d 285, 291-92 (6th Cir. 2017); *United States v. Buck*, 847 F.3d 267, 274-75 (5th Cir. 2017); *United States v. Anglin*, 846 F.3d 954, 964-65 (7th Cir. 2017); *United States v. Hill*, 832 F.3d 135, 138-43 (2d. Cir. 2016); *United States v. House*, 825 F.3d 381, 387 (8th Cir. 2016); *In re Saint Fleur*, 824 F.3d 1337, 1340 (11th Cir. 2016); *United States v. Howard*, 650 F. App'x 466, 467-68 (9th Cir. 2016); *United States v. Gleaton*, 3:18-cr-00006-TLW, ECF 39 (D.S.C. pending judgment); *United States v. Wilson*, 3:17-cr-00138-TLW, ECF 155 (D.S.C. March 14, 2018); *Camacho v. United States*, 2018 WL 889456 (S.D. Fl. Jan. 22, 2018); *United States v. Figueroa*, 2017 WL 3412526 (S.D. Ca August 9, 2017); *United States v. Dorsey*, 2017 WL 3159981 (C.D. Ca July 24, 2017); *United States v. Taylor*, 2017 WL 303463 (W.D. Va July 17, 2017); *United States v. Philpot*, 2016 WL 7404440 (N.D. Ga Dec. 22, 2016); *Jones v. United States*,

3

2016 U.S. Dist. LEXIS 80357 (S.D. Ga. June 21, 2016); *United States v. Bailey*, 2016 U.S. Dist. LEXIS 75556 (C.D. Cal. June 8, 2016); *United States v. Ledbetter*, 2016 U.S. Dist. LEXIS 74610 (S.D. Ohio June 8, 2016); *United States v. Baires-Reyes*, 2016 U.S. Dist. LEXIS 74192 (N.D. Cal. June 7, 2016); *United States v. McCallister*, 2016 U.S. Dist. LEXIS 70513 (D.D.C. May 31, 2016; *United States v. Castillo*, 2016 U.S. Dist. LEXIS 58265 (D.N.M. May 2, 2016); *United States v. Luong*, 2016 U.S. Dist. LEXIS 53151 (E.D. Cal. April 20, 2016); *United States v. Johnson*, 2016 U.S. Dist. LEXIS 62364 (D. Nev. May 11, 2016); *United States v. Smith*, 2016 U.S. Dist. LEXIS 65543 (D. Nev. May 18, 2016); *United States v. Coleman*, 2016 U.S. Dist. LEXIS 48887 (N.D. Ill. April 12, 2016); *United States v. Moore*, 2016 U.S. Dist. LEXIS 59869 (E.D. Mich. May 5, 2016); *United States v. Reed*, 2016 U.S. Dist. LEXIS 64894 (W.D. La. May 16, 2016); *United States v. Williams*, 2016 US Dist. LEXIS 50686 (D.Me. April 15, 2016); *United States v. Brownlow*, 2015 WL 6452620 (N.D. Ala. Oct. 26, 2015); *United States v. Clarke*, 2016 WL 1110306 (D. Md., March 22, 2016); *United States v. Hancock*, 2016 WL 899239 (D. Md., March 2, 2016); *United States v. Melgar-Cabrera*, 2015 U.S. Dist. LEXIS 145226 (D.N.M. Aug. 25, 2015); *United States v. Anglin*, 2015 U.S. Dist. LEXIS 151027 (E.D. Wis. Nov. 6, 2015); *United States v. Tsarnaev*, 2016 U.S. Dist. LEXIS 5428. at *55-56 (D. Mass. Jan. 15, 2016); *United States v. Pena*, 2016 U.S. Dist. LEXIS 18329 (S.D.N.Y. Feb. 11, 2016); *Hallman v. United States*, 2016 U.S. Dist. LEXIS 17608 (W.D.N.C. Feb. 12, 2016); *Brown v. United States*, 2016 U.S. Dist. LEXIS 19682 (E.D. Va. Feb. 9, 2016); *United States v. Bennett*, 2016 U.S. Dist. LEXIS 9934 (E.D. Va. Jan. 27, 2016); *United States v. Green*, 2016 U.S. Dist. LEXIS 7437 (D. Md. Jan. 21, 2016); *United States v. Walker*, 2016 U.S. Dist. LEXIS 3947 (E.D. Va. Jan. 12, 2016); *United States v. Wilson*, 2015 U.S. Dist. LEXIS 175861 (E.D. Va. Dec. 8, 2015); *United States v. McDaniels*, 2015 U.S. Dist. LEXIS 158209 (E.D.

Va. Nov. 23, 2015); *United States v. West*, 2015 U.S. Dist. LEXIS 173884 (E.D.N.C. Nov. 10, 2015); *United States v. Merinord*, 2015 U.S. Dist. LEXIS 145009 (E.D.N.C. Oct. 23, 2015); *United States v. Hunter*, 2015 U.S. Dist. LEXIS 14493 (E.D. Va. Oct. 23, 2015); *United States v. Evans*, 2015 U.S. Dist. LEXIS 142477 (E.D.N.C. Oct. 20, 2015); *United States v. Redmond*, 2015 U.S. Dist. LEXIS 139231 (Oct. 13, 2015); *United States v. Standberry*, 2015 U.S. Dist. LEXIS 138355 (E.D. Va. Oct. 8, 2015); *United States v. Mackie*, 2015 U.S. Dist. LEXIS 132670 (W.D.N.C. Sept. 30, 2015); *United States v. Morgan*, 2015 U.S. Dist. LEXIS 174350 (E.D. Mich. Dec. 18, 2015); *United States v. Wheeler*, 2016 U.S. Dist. LEXIS 24541 (E.D. Wis. Feb. 29, 2016); *United States v. Crawford*, 2016 U.S. Dist. LEXIS 9362 (N.D. Indiana Jan. 27, 2016); *United States v. Wells*, 2015 U.S. Dist. LEXIS 176332 (D. Nev. Dec. 30, 2015); *United States v. Wright*, 2015 U.S. Dist. LEXIS 175787 (D. Nev. Dec. 25, 2015).

Indeed, the undersigned has previously held that Hobbs Act robbery constitutes a crime of violence under § 924(c)'s force clause. *See United States v. Wheeler*, Crim. No. 4:15-cr-00337-RBH, ECF No. 115.

To sustain a conviction under 18 U.S.C. § 924(c), the government must prove beyond a reasonable doubt that the defendants "(1) used or carried a firearm and (2) did so during and in relation to a 'crime of violence.'" *United States v. Fuertes*, 805 F.3d 485, 497 (4th Cir. 2015). A "crime of violence" is defined as "an offense that is a felony and (A) has an element the use, attempted use, or threatened use of physical force against the person or property of another, or (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." *Id*. at 497-98 (citing 18 U.S.C. § 924(c)(3)). Section 924(c)(3)(A) is referred to as the "force clause." Section 924(c)(3)(B) is

5

referred to as the "residual clause."

Hobbs Act robbery is codified at 18 U.S.C. § 1951, which provides in relevant part:

> (a) Whoever in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery or extortion or attempts or conspires so to do, or commits or threatens physical violence to any person or property in furtherance of a plan or purpose to do anything in violation of this section shall be fined under this title or imprisoned not more than twenty years, or both.
> (b) As used in this section--
> (1) The term "robbery" means the unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his person or property, or property in his custody or possession, or the person or property of a relative or member of his family or of anyone in his company at the time of the taking or obtaining.

In this case, the Court must consider whether Hobbs Act robbery, defined above, qualifies as a "crime of violence" under either the "force clause" or the "residual clause" of 18 U.S.C. § 924(c). Whether an offense constitutes a "crime of violence" under § 924(c) is a question of law for the court. *United States v. McNeal*, ---F.3d ---, 2016 WL 1178823, at *8 (4th Cir. 2016). In determining whether an offense qualifies as a "crime of violence," the court may employ the "categorical approach" or the "modified categorical approach." *Fuertes*, 805 F.3d at 498. The "categorical approach" applies when a statute contains a single indivisible set of elements - that is, "the jury need not agree on anything past the fact that the statute was violated." *Id*. The "modified categorical approach" applies when a statute is divisible. *Id*. A statute is divisible if it "sets out one or more elements of the offense in the alternative - for example, stating that burglary involves entry into a building *or* an automobile." *Descamps v. United States*, 133 S.Ct. 2276, 2281 (2013).

When using the "categorical approach" to determine whether an offense is a "crime of

6

violence," the court looks only to the fact of conviction and the statutory definition of the offense. *Fuertes*, 805 F.3d at 498. The court must then determine whether the conduct criminalized by the statute, *including the most innocent conduct*, qualifies as a "crime of violence." *United States v. Torres-Miguel*, 701 F.3d 165, 167 (4th Cir. 2012). Under the "modified categorical approach," "courts may look beyond the statutory text and consult a limited set of documents in the record" to determine the nature of the crime charged. *Omargharib v. Holder*, 775 F.3d 192, 198 (4th Cir. 2014). Those documents may include the indictment. *Johnson v. United States*, 559 U.S. 133, 144 (2010).

In the instant case, it matters little whether the "categorical" or "modified categorical approach" is applied. Under either framework, Hobbs Act robbery is a "crime of violence" under the "force clause" of § 924(c) because it has "an element the use, attempted use, or threatened use of physical force against the person or property of another." "Physical force" means "violent force" or strong physical force "capable of causing physical pain or injury to another person." *Johnson*, 559 U.S. at 140.

With respect to the "categorical approach," Vanderhorst argues that Hobbs Act robbery categorically fails to qualify as a "crime of violence" because the crime can be accomplished by putting someone in fear of future injury to their person or property, which he argues does not require the use, attempted use, or threatened use of "physical force" or "violent force."

Vanderhorst relies on the Fourth Circuit's decision in *United States v. Torres-Miguel*, 701 F.3d 165, which stated that "a crime may *result* in death or serious injury without involving the *use* of physical force." *Torres-Miguel*, 701 F.3d at 168. The Fourth Circuit noted that threatening to poison someone involves no use or threatened use of force. *Id.* at 168-69. *Torres-Miguel*, however,

did not address whether committing a robbery by placing someone in "fear of injury" could be accomplished without the use or threatened use of physical or violent force. The application of *Torres-Miguel* to this case is limited at best.

Vanderhorst argues that Hobbs Act robbery allows conviction on a hypothetical result (the fear of injury) rather than on a defendant's present concrete act of the use, attempted use, or threatened use of violent physical force against the person or property of another. In *United States v. Castleman*, 134 S.Ct. 1405, 1416-17 (2014), which was decided after *Torres-Miguel*, Justice Scalia noted "it is impossible to cause bodily injury without using force 'capable of' producing that result" and "intentionally or knowingly causing bodily injury . . . categorically involves the use of 'force capable of causing physical pain or injury to another person.'" *Castleman*, 134 S.Ct. at 1416-17. Extending Justice Scalia's logic one step further, it would be impossible to cause "fear of injury" without threatening to use force capable of producing an injury. Thus, an act or threatened act that creates a "fear of injury" necessarily requires the threatened use of force capable of causing physical pain or injury, which equates to the threatened use of physical force as defined in §924(c). *See Clarke*, 2016 WL 1110306, at *6; *Standberry*, 2015 WL 5920008, at *4; *Merinord*, 2015 WL 6457166, at *4*; Evans*, 2015 WL 6673182 at *5. Because Hobbs Act robbery by "fear of injury" requires, at a minimum, the attempted or threatened use of force capable of causing physical pain or injury, Hobbs Act robbery categorically qualifies as a "crime of violence" under the "force clause" of § 924(c).

Application of the "modified categorical approach" to this case compels the same result. The indictment in this case alleged that Vanderhorst and his co-defendants "did unlawfully take property consisting of money belonging to Loris Market and Beverage Store from the person and

8

presence of the owners of the store, against their will by means of actual and threatened force, violence, and fear of injury, immediate and future, to their person, *in that they did rob the owners of the store at gunpoint of money and during the robbery did shoot one of the owners two times causing his death*." [Indictment, ECF NO. 2 at 2]. The indictment clearly alleges a Hobbs Act robbery that includes "as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(A). Accordingly, the Hobbs Act robbery alleged in count 2 of the indictment is a "crime of violence" under the modified categorical approach and qualifies as a predicate offense for purposes of 18 U.S.C. § 924(c).

This Court joins the unanimous chorus of circuit and district courts across the country that have concluded that Hobbs Act robbery is a "crime of violence" for purposes of establishing a conviction under 18 U.S.C. § 924(c). Since the Court has concluded that Hobbs Act robbery falls squarely within the "force clause" of § 924(c), the Court need not reach Defendants' argument that the "residual clause" under § 924(c) is unconstitutionally vague.

## Conclusion

For the reasons stated above, Defendant Vanderhorst's [ECF Nos. 99] motions to dismiss count 5 of the indictment is **DENIED**.[1]

May 31, 2018  
Florence, South Carolina

s/ R. Bryan Harwell  
R. Bryan Harwell  
United States District Judge

---

[1] Under Local Criminal Rule 12.06, "hearings on motions may be ordered by the court in its discretion. Unless so ordered, motions may be determined without a hearing." Upon review of the briefs, the Court finds that a hearing is not necessary.